3

STEVEN S. ALTMAN SBN 63834
Law Offices of Steven Altman, PC
1127-12TH Street, Suite 104
Modesto, CA 95354
Phone: (209) 521-7255
Fax: (209) 577-8390
email: altman@altmanattorney.com

Attorney for Trustee
Irma Edmonds

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

DONALD MARVIN ERTZ and
DOROTHEA ERTZ,

Debtors.

Case No: 15-27934
DCNO: SSA-7

Date: August 29, 2017
Time: 9:30 a.m.
Place: U.S. Bankruptcy Court
501 Street, 6th Floor
Sacramento, CA 95814

Dept: B
Judge: Christopher D. Jaime

## MOTION FOR SALE OF PROPERTY OF THE ESTATE AND ASSIGNMENT OF CONTRACT AND CONTRACT PROCEEDS
[11 U.S.C. §363(b)(1), (2)(b), BR 2002(a)(2), 6004(h) AND LBR 9014-1(F)(1)]

[Sale of annuity contract with New York Life Insurance and Annuity Corporation and stream of payments of owner Mr. Donald M Ertz, Policy No. 75617437]

To: Debtors, their counsel of record, creditors and other parties in interest:

Trustee, Irma Edmonds, submits the following:

1. The present Motion is brought pursuant to Bankruptcy Code 11 U.S.C. §363(b)(1), (2)(b), BR 2002(a)(2) and LBR 9014-1(f)(1) of the Bankruptcy Code.

2. Trustee Edmonds is the duly appointed Trustee in the Chapter 7 case of Debtors, Donald Marvin Ertz and Dorothea Ertz, who filed their Chapter 7 case in the above entitled court on October 9, 2015.

3. The present motion seeks sale of the estate's interest in the following property:

Sale of Annuity Contract with New York Life Insurance and Annuity Corporation and stream of payments of owner Donald M. Ertz, Policy No. 75617437.

4. Following the commencement of this case, the Trustee through her legal counsel, made demand upon New York Life Insurance and Annuity Corporation in charge of the administration and payment of annuity proceeds to Debtor Donald Ertz, Policy No. 75617437 to direct the proceeds to her office as a bankruptcy asset pursuant to 11 U.S.C. § 541. This has occurred.

5. The policy in question provided an "Annuity Commencment Date of March 1, 2010, benefits of $313.98 paid monthly, payable to the Annuitant living or 20 years, 0 months, **whichever is later.**

6. The Trustee has sought buyers who would pay the highest and best lump sum aggregate payment to purchase the bankruptcy estate's interest in the annuity policy. In turn, the successful bidder for sale of the annuity contract would be assigned the contract and also the stream of residual payments.

7. The Trustee has received two competitive bids for purchase of the annuity described in Paragraphs 4 and 5 above.

8. The bidders are the following:

A)  Jon Rabbanian, Tov Equities, 9544 Wilshire Blvd. Penthouse, Beverly Hills, CA 90212

Terms and Conditions:

Sale Cash Offer: **$27,000.00**

For: Purchase of residual 149 months stream of payments, starting with payment payable on 10/1/2017 and ending with the last guaranteed certain payment on 2/1/2030. (Exhibit 1).

B) Jason Ervin, Settlement Capital Corporation, 14755 Preston Rd. Suite 610, Dallas, TX 75254

Terms and Conditions:

Sale Cash Offer: **$26,788.88**

For: Purchase of residual 149 months stream of payments, starting with payment payable on 10/1/2017 and ending with the last guaranteed certain payment on 2/1/2030. (Exhibit 2).

MOTION FOR SALE OF PERSONAL PROPERTY, ET AL    EDMONDS-TRU- ERTZ-FILE NO. 15-27934

9. The Trustee contends, based upon her investigation and circumstances surrounding this case, that it is in the best interests of case administration and for creditors of this estate if the sale be approved. The Trustee is also requesting this Court waive the stay requirements set forth under BR 6004(h) based upon the fact delay in completing the sale will only diminish the net proceeds to the bankruptcy estate and the agreement with the proposed buyer set forth above contemplates a payment date to the successful buyer of October 1, 2017.

10. **Overbid**: The Trustee would request that overbid by the Court be entertained in increments of $200, following the presentation of the highest sale offer.

**WHEREFORE the Trustee prays as follows:**

1. For authorization to sell the subject property interest referenced above under the terms and conditions set forth herein;
2. For authority for the Trustee and the successful bidder to execute any further documents necessary or convenient to consummate this transaction;
3. For overbid, if any, in increments of $200;
4. For waiver of BR 6004(h);
5. Such other relief the court deems just.

Dated: July 28, 2017

Law Offices of Steven Altman, PC

By: _____
STEVEN S. ALTMAN
Attorney for Trustee